FILED
SUPERIOR COURT
OF GUAM

2019 SEP -6 AM 10: 44

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Case No. CF0308-19 |
| Plaintiff, | |
| v. | |
| IVERSON CHEWEK,<br>DOB: 03/03/2003 | DECISION AND ORDER |
| and | |
| MINSON DETOR,<br>DOB: 11/03/2002 | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 9, 2019 for a hearing on a submission by Defendant Iverson Chewek ("Defendant Chewek") of a Motion for Decertification and Transfer to Family Court to which Defendant Minson Detor ("Defendant Detor") has joined. Defendant Chewek is represented by Attorney Terry E. Timblin and Defendant Detor is represented by Attorney Samuel S. Teker. The People of Guam are represented by Assistant Attorney General Peter Santos. After considering the filings and arguments of all parties, and the applicable law, the Court issues this Decision and Order denying the Defendants' Motion for Decertification and Transfer to Family Court.

## BACKGROUND

On May 28, 2019 Guam Police Department officers responded to a report of a stolen vehicle. (Magistrate's Complaint at Decl.). The victim, Anna Kao, stated that her 2009 BMW 750I was stolen from her residence and that her car keys had been previously stolen during an earlier burglary to her home. *Id.* The following day, officers located the vehicle and conducted a traffic stop. *Id.* The vehicle pulled over and three males bolted from the car and into the jungle. *Id.* The police apprehended Defendant Detor and another male. *Id.* The other male told officers that Defendant Detor had told him that Debtor had stolen the vehicle from a resident in Tamuning and that Defendant Chewek had been operating the vehicle when the police pulled them over. *Id.* Police interviewed Defendant Chewek who corroborated the other male's story and confirmed that he had agreed to drive the vehicle. *Id.*

On June 17, 2019 a grand jury returned an indictment against Defendant Detor for Theft of a Motor Vehicle (as a Second Degree Felony), Theft by Receiving (as a Second Degree Felony), and Unauthorized Use of a Motor Vehicle (as a Misdemeanor). (Indictment, Jun. 17, 2019). Defendant Chewek was charged with Theft by Receiving (as a Second Degree Felony) and Unauthorized Use of a Motor Vehicle (as a Misdemeanor). *Id.* Defendant Chewek subsequently filed a Motion for Decertification and Transfer to Family Court to which Defendant Detor joined. (Mot. Decertification & Transfer to Fam. Ct., Jul. 16, 2019); (Joinder in Motion for [sic] Certify to Juvenile Court, Jul 23, 2019). On August 9, 2019 the Court held a hearing on the motion at which point the Court took the matter under advisement. (Minute Entry, Aug. 9, 2019).

## DISCUSSION

Under Guam law, when a minor is sixteen (16) years of age at the time of commission of a crime, the prosecutor is required to charge that person as an adult when the alleged offense is a felony of the first or second degree, as well as charge any offenses which arise out of the same scheme. 19 GCA § 5106(a). While charging the minor as an adult is mandatory, the Guam Code also authorizes courts to transfer the matter to Family Court. 19 GCA § 5106(d). Transfer is permissible when the court finds by clear and convincing evidence "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." In evaluating whether transfer to Family Court is warranted, the court should consider:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;
(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;
(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;
(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;
(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and
(8) the adequacy of the punishment or services.

*Id.* In considering the above factors, the court must give greater weight to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any of the other factors. *Id.* The Court is tasked with striking a balance between the best interest of the juvenile defendant(s) and the "public's interest in being protected from crime." *People v. Moore*, 957 N.E.2d 555, 560 (Ill. Ct. App. 2011).

## A. Minors' Age and History of Delinquency.

At the time the offense was committed the Defendants were both sixteen years old which is on the younger side of the sixteen to eighteen year age range covered by the Family Court Statute. 19 GCA § 5106(a). However, despite their youth, both Defendants are not strangers to the Family Court system. Defendant Chewek has had ten juvenile cases with two of them still active. Defendant Detor has four prior juvenile cases. Considering each Defendant's extensive history with the juvenile justice system, the Court finds that these factors weigh against transfer to Family Court.

## B. Circumstances of the Offense

Defendant Detor is charged with a serious crime, that is: stealing a vehicle from its owner's residence. (Indictment at 1-2); (Magistrate's Complaint at Decl.). Vehicles, unlike other moveable property capable of being stolen, are extremely important to an individual's daily life. It is the primary mode of transportation for a majority of people. The sudden absence of a vehicle may prevent the operator from going to work or making important appointments. Auto theft is not a charge to be considered lightly and while it may have been a non-violent crime, it had the potential to greatly disrupt the victim's life. Therefore, this factor weighs against transferring Defendant Detor's case.

Defendant Chewek on the other hand is charged with intentionally receiving or retaining a vehicle he knew had been stolen. (Indictment at 2). This Court has, on previous occasions, attributed a certain degree of youthful ignorance or rashness when young Defendants agree to joyride in a stolen vehicle. *See People v. Kastor*, Superior Court Case No. CF0205-19 (Dec. & Order at 4, Aug. 2, 2019). However, unlike the other defendants, Chewek has already had numerous prior cases in the juvenile justice system. With two active cases in Family Court, Defendant Chewek should have been fully aware that choosing to drive a stolen vehicle was not only wrong, but that it could lead him to be arrested and charged for a crime. The Court cannot simply ignore that Defendant Chewek, despite receiving the benefits of Family Court numerous times, continues to make poor choices seemingly with flagrant disregard to the legal consequences of his actions. Accordingly, this Court finds that this factor weighs against transferring Defendant Chewek to Family Court.

**C. Advantages of Treatment in the Juvenile Justice System, the Defendants' History of Treatment, and Likelihood of Rehabilitation.**

Certainly, the therapeutic and rehabilitative focus of the Family Court system is generally favorable to the harshness of incarceration and fines that are imposed in adult courts. However, this Court believes that it simply isn't enough to demonstrate that the Family Court system is more preferable, but that the defendants will avail themselves of these benefits and work towards becoming law-abiding adults. The Court does not find that either Defendant is amenable to treatment in the Family Court system.

Defendant Chewek has already had ten juvenile cases, many of which involve burglary. While Defendant Chewek is not the person accused of having stolen the vehicle in this case, this Court would think that, had the Family Court treatment been effective, he would not have agreed to drive a vehicle he knew was stolen. (Magistrate's Complaint at Decl.). It appears—

given his extensive history in the juvenile justice system—that Family Court is just not working for him. The Court is skeptical of the effectiveness that transferring this case to Family Court would have on Defendant Chewek's ability to be rehabilitated. This factor weighs against transferring Defendant Chewek's case.

Likewise, Defendant Detor has also had many opportunities to receive treatment and counseling in Family Court. Although he has far fewer prior cases than his co-defendant, and none of them are theft related, the Court wonders if Defendant Detor will mend his ways if it transfers his case to Family Court. The Court finds that this factor also weighs against transferring Defendant Detor's case to Family Court.

## D. Security of the Public.

In this case Defendant Detor is alleged to have stolen a motor vehicle and Defendant Chewek is alleged to have knowingly chosen to operate it while aware of its stolen nature. (*See* Magistrate's Complaint at Decl.). The offenses the Defendants are charged with are serious, given their status as second degree felonies. (Indictment). However, despite the seriousness of the offenses, there are no allegations that violence or deadly weapons were used. (Magistrate's Complaint at Decl.). Nor are there allegations that this theft and subsequent joyride caused damage to persons or property, or was committed as a larger scheme of thefts. The Court finds that the offenses alleged do not contemplate the security of the public and, thus, this factor weighs in favor of transfer for both Defendants.

## E. Adequacy of Punishment.

At a maximum, the Family Court could retain jurisdiction over the Defendants until the they turn twenty-one years of age. 19 GCA § 5105. Currently the Defendants are sixteen, meaning that the Family Court would retain jurisdiction for a maximum of five years. *Id.* Both

Theft of a Motor Vehicle (as a Second Degree Felony) and Theft by Receiving (as a Second Degree Felony) carry a minimum of one year and a maximum of eight years for first offenders. 9 GCA § 80.31(b). The offense of Unauthorized Use of a Motor Vehicle (as a Misdemeanor) carries a maximum penalty of one year. 9 GCA § 80.34(a). Considering the total time the Family Court would have jurisdiction compared to the legislatively prescribed punishment if the Defendants were to be convicted of the offenses charged, the Court is satisfied that the Defendants punishment would be adequate, even if the case were transferred to Family Court. Therefore, this factor weighs in favor of decertification for both Defendants.

After considering the above factors we find that some factors weigh in favor of transfer and others weigh against transfer. However, the Court is mindful that it must give greater weight to the seriousness of the offense and the Defendants' prior history juvenile delinquency over any other factor. 19 GCA § 5106(d). Ultimately, it is these factors, especially the Defendants' prior histories of juvenile delinquency that the Court rests its decision on. Both Defendants have had numerous prior cases in the juvenile justice system, and numerous opportunities to mend their ways and move towards rehabilitation. Instead, the Defendants have chosen to disregard the aid they have received and continued to find themselves before the Court to answer to criminal charges. This Court believes that further leniency with the Defendants will have little to no effect on reforming the Defendants' future behavior. To do so would just further waste the Family Court's limited resources. Accordingly, the Court will deny the motion as to both Defendants.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant Chewek's Motion for Decertification and Transfer to Family Court. It further **DENIES** Defendant Detor's Joinder in Motion for [sic] Certify to Juvenile Court. The Court will hold a pre-trial conference on September 11, 2019 at 3:00 p.m. Jury selection and trial will begin on September 30, 2019 at 9:00 a.m.

**IT IS SO ORDERED** this 6th day of September, 2019



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG FeKw Tma/m

Date: 9/6/19 Time: 1047 am

Deputy Clerk, Superior Court of Guam